STATE of Wisconsin, Plaintiff-Respondent,

v.

David W. OAKLEY, Defendant-Appellant-Petitioner.

Supreme Court

*No. 99–3328–CR. Filed November 23, 2001.*

2001 WI 123

(Also reported in 635 N.W.2d 760.)

¶ 1. PER CURIAM. *(on motion for reconsideration).* David W. Oakley, defendant-appellant-petitioner, moves this court for reconsideration of its opinion in *State v. Oakley,* 2001 WI 103, 245 Wis. 2d 447, 629 N.W.2d 200. Oakley contends that this court misconstrued significant facts in applying the holding to the facts in this case. Since that is not correct, the motion for reconsideration is denied without costs.

¶ 2. Even though the motion for reconsideration is denied, we find it appropriate now to withdraw the following language from the third sentence in paragraph 3, "—where one of the victims was his own child", and the following language from the third sentence in paragraph 14: "his own child and". Justice William A. Bablitch withdraws the sixth sentence in paragraph 33 from his concurrence: "He has abused at least one of them."

¶ 3. To the extent the majority opinion requires clarification, we emphasize that the holding was based on extraordinary circumstances. The facts presented to this court demonstrate that this case is not about a person's inability to pay child support. Rather, the exceptional circumstances outlined show an intentional unwillingness to pay child support by a man with a prior criminal record. The exceptional circumstances of this case include, among other things, that Oakley was in arrears in support of his nine children in excess of $25,000.00, and that Oakley had three convictions, and four read-ins, for intentional refusal to pay child support, in violation of Wis. Stat. § 948.22. Under such circumstances, the probation condition is not overbroad. Furthermore, the probation condition is reasonably related to the goal of rehabilitation, and is narrowly tailored to serve the compelling state interest in requiring parents to support their children.

¶ 4. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. Although I was in the dissent in this opinion, I agree that the motion for reconsideration should be denied. But I conclude that the per curiam opinion is not an adequate response to the motion.

¶ 5. David Oakley explicitly states that he does not seek "reconsideration of the novel legal holding adopted by the Court—*viz.*, that a court may in certain extraordinary circumstances condition a defendant's probation on his not having children unless certain prerequisites are met."[1]

¶ 6. Rather, Oakley's motion for reconsideration is based on the application of the holding to what he considers are mistakes made by the majority in the statement of the facts of the case. Oakley asserts that the majority misapprehended the undisputed facts. He urges the majority to hold that the imposition of such an extraordinary condition of probation was not appropriate on the facts of this case.

¶ 7. I conclude that the per curiam opinion should be further developed in light of Oakley's assertions about the majority's misapprehension of the facts.

---

[1] Oakley notes that the majority opinion is internally inconsistent in stating the prerequisites he must meet to satisfy the conditions of probation. Oakley notes that the majority opinion states that the circuit court's order requires him to "avoid having another child, unless he shows that he can support that child and his current children." Majority op. at ¶ 1. *See also* ¶¶ 6, 20. Oakley notes that the majority opinion also states that he can satisfy the condition "by not intentionally refusing to support his current nine children and any future children." Majority op. at ¶ 20.

¶ 8. Oakley asserts that the majority misapprehended the following two key facts: (1) the majority misapprehended Oakley's compliance with his child support obligations prior to the imposition of the condition of probation; and (2) the majority misapprehended Oakley's supposed history of intimidation and abuse.

¶ 9. First, Oakley asserts that the majority misapprehended Oakley's compliance with his child support obligations prior to the imposition of the condition of probation. Oakley states that the majority did not consider that he had in fact made child support payments and that his payments constituted in excess of 70% of his child support obligations. Exhibits in the record support Oakley's assertions. Oakley argues that the record therefore does not support the majority's premise that the extraordinary probation condition in this case was warranted because of his persistent and stubborn refusal to pay child support. According to the record, any persistent and stubborn refusal to pay child support is limited to the single 120–day period, that is, January 1, 1998, to April 30, 1998, for which he was charged and convicted.

¶ 10. The State does not challenge Oakley's statement of the facts about his support payments. To the contrary, the State responds that it has never contended that Oakley never paid any support for his children.

¶ 11. The majority remains silent about Oakley's support payments during the entire period except from January 1, 1998, to April 30, 1998, in determining the extraordinary circumstances justifying this extraordinary condition of probation. I conclude that the major-

ity has not fully stated the facts in its opinion and in the per curiam opinion and has not considered all the facts in applying its holding.

¶ 12. Second, Oakley asserts that the majority misapprehended his supposed history of intimidation and abuse.

¶ 13. The majority and concurrence apparently agree with Oakley on this point and have appropriately corrected in the per curiam opinion the "facts" stated in the respective opinions.

## II

¶ 14. Oakley also asserts that the majority misapprehended Oakley's compliance with his child support obligations subsequent to the imposition of the condition of probation.

¶ 15. The State responds that the circuit court, not this court, is the appropriate forum in which Oakley should make any argument relating to compliance with the condition of probation. I agree with the State.

¶ 16. For the reasons set forth, I write separately. I would deny the motion for reconsideration, but I conclude that the per curiam opinion fails to state or consider significant facts. The per curiam opinion should apply the majority's holding, considering Oakley's record of making support payments as well as his record of not making support payments.

¶ 17. I am authorized to state that Justices ANN WALSH BRADLEY and DIANE S. SYKES join this opinion.